## KRUG v. KAUTZ.

An appeal from a judgment for defendant because the complaint fails to state a cause of action, it is improper to consider any of the defenses pleaded.

Under Rev. Civ. Code, § 2044, providing that every transfer of an interest in property other than a trust, made as security for the performance of another act, shall be deemed a mortgage, a transfer of real property by deed made to secure a loan is a mortgage and may be shown to be such by proof of circumstances attending its execution and the actual intention of the parties.

Where a deed was executed as security for a loan, the fact that there was no collateral undertaking evidencing the indebtedess and no covenant or personal obligation by the grantor to pay was not fatal to the grantor's right to have the deed declared a mortgage.

A complaint to have a deed declared a mortgage alleged that the deed was made by plaintiff, and deeds of outstanding interests procured by plaintiff to be made to defendant to seure a loan of $450, which was used to pay liens on the land, etc., and that it was agreed that, on the repayment of the sum so loaned, defendant should reconvey the property to plaintiff; that all of the loan and interest except $190 had been paid; and that plaintiff had tendered the balance and demanded a reconveyance which defendant had refused. **Held**, that the complaint was sufficient to sustain a decree for the relief demanded.

(Opinion filed, October 30, 1907.)

Appeal from Circuit Court, Campbell County. Hon. LORING E. GAFFY, Judge.

Action by Johann Krug against John Kautz. From a judgment for defendant for insufficiency of the complaint, plaintiff appeals. Reversed.

*Frank Alexander, John H. Perry,* and *Taubman, Williamson & Herricd,* for appellant. *Theo. J. P. Giedt (Brown & Hendriksen, of counsel),* for respondent.

CORSON, J. This is an appeal by the plaintiff from the judgment in favor of the defendant entered upon the pleadings. The motion made and granted was in effect for a judgment in favor of the defendant on the ground that the complaint did not state facts sufficient to constitute a cause of action, and in considering the sufficiency of the complaint it will not be necessary or proper to consider any of the defenses set up in the answer, as the appeal must be determined upon the sufficiency or insufficiency of

the complaint alone. The complaint, in substance, is as follows: That the plaintiff has at all times since the 16th day of December, A. D. 1887, been the sole, absolute, and unqualified owner in fee simple of the property described in the complaint. That on or about the 1st day of December, A. D. 1897, the plaintiff and defendant entered into an agreement, by the terms of which the defendant agreed to loan to the plaintiff the sum of $450, and the said sum was to be paid by the defendant to the holder of the tax liens and certificates and mortgage liens then · existing against said land, and, for the purpose of securing the said defendant for the said sum, the said plaintiff agreed to convey the said land to the defendant by quit-claim deed, and to procure a deed from other parties hereinafter named; that all assignments of tax certificates and all conveyances should run in the name of the said defendant, and that he should hold the said land by way of security until such time as the plaintiff was able to pay the said sum of $450 to the defendant, with interest thereon at the late of 7 per cent. per annum from the date of the agreement, and that on the payment to the saiddefendant of the said sum with interest thereon the defendant agreed to convey the said lands to the plaintiff free and clear of all incumbrances; that the said plaintiff should cultivate and farm the land described, during the period of the said mortgage, and the said plaintiff should deliver to the said defendant one-fifth of the produce raised on the said land until such time as the debt mentioned should be fully paid by the said plaintiff, and from the proceeds of the one-fifth of the crop so delivered to the said defendant, there should be paid the interest and taxes for the current year, and the balance remaining from said proceeds should be applied on the principal debt. That in pursuance of the said agreement the plaintiff did, on the 2nd day of April, A. D. 1908, convey by quitclaim deed, to the said defendant, the said land, and, in pursuance of the said agreement, did procure for he said defendant a quitclaim deed from Andrew B. Fales and Kate E. Summer as executors of the estate of Mary S. Fales, deceased, and which said deed bears date of the 26th day of January, A. D. 1898. That there is now due and owing to the defendant from the plaintiff on the said principal sum and interest

thereon the sum of $190. That prior to the commencement of this action the plaintiff tendered to the said defendant the said sum in full payment of the indebtedness and demanded of the defendant a deed for the said lands. And that the plaintiff is ready and willing at all times to pay the amount due the defendant.

It is insisted on the part of the defendant, in support of the ruling of the court below, that this complaint fails to state a cause of action against the defendant, that it fails to show that there was any loan made by the defendant to the plaintiff, that it fails to show that there was any liability on the part of the plaintiff to repay to the defendant the sum of $450 alleged to have been paid by the defendant to remove certain liens from the property, that the contract alleged on the part of the plaintiff was simply an option contract to reconvey to the plaintiff the property in question if he should elect to purchase the same at some future time, and that there was no consideration for this alleged option contract. It is contended by counsel for the plaintiff that the complaint alleges clearly that there was a loan to the plaintiff of the amount specified; that the deed executed by the plaintiff and the deed caused to be executed by the parties therein named to the defendant were made for the purpose of securing payment of said loan; that said conveyance made and caused to be made by the plaintiff to the defendant constituted a mortgage; that the amount due the defendant for principal and interest on account of said loan has all been paid except the sum of $190; that that amount has been tendered and refused by the defendant; and that plaintiff was ready and willing to pay the defendant the balance due him on account of the loan, and therefore the complaint does state facts sufficient to constitute a good cause of action. We are inclined to take the view that the counsel for plaintiff are right in their contentions.

Section 2044 of our Revised Civil Code provides: "Every transfer of an interest in property, other than a trust, made as a security for the performance of another act, is to be deemed a mortgage. * * *" Under this provision of the Code, this court has uniformly held that a transfer of real property by deed made for the purpose of securing a loan constitutes a mortgage, and it seems too well settled at the present day that a deed executed as

security for a loan may be shown to be a mortgage to require the citation of authorities. The court in such cases is fully justified in permitting proof of all the circumstances attending the execution of the deed and the actual intention of the parties for the purpose of determining as to whether or not it was executed and intended to operate as a mortgage.

It will be observed that in the complaint it is alleged that the deed made by the plaintiff and the deed procured to be made by him to the defendant were made to secure a loan of $450, and that upon the repayment of said sum so loaned the defendant agreed to reconvey the property to the plaintiff, and it is alleged that the larger portion of this loan has now been repaid to the defendant, and that plaintiff now seeks to pay the balance of said loan and the cancellation of said deeds of record. Assuming these allegations to be true, which we are required to do for the purpose of determining the sufficiency of the complaint, it is quite clear that the plaintiff is entitled to the relief demanded by him. The agreement between the plaintiff and defendant was specific, and, while there was no certain day fixed for payment, it is alleged that the defendant should hold the land by way of security until such time as plaintiff was able to pay the said sum, with 7 per cent. interest thereon, and that plaintiff should farm the land each year and turn over to the defendant one-fifth of the crops which should be applied to the payment of taxes and interest on the loan and the balance applied on the principal debt. The fact that there is no collateral undertaking as evidence of the indebtedness and no covenant or personal obligation by the grantor to pay is only a circumstance to be considered. "Standing alone, the circumstance that there is no written obligation is of no great significance." 20 Am. & Eng. Ency. Law, 849; Jones Mortg. §§ 325, 279; Wilson v. McWilliams, 16 S. D. 96, 91 N. W. 453. The relation of debtor and creditor clearly existed between the parties.

It will be noticed that the plaintiff received no consideration for the deed executed by him to the defendant, and no consideration for the deed procured by him from the other parties to the defendant, and under defendant's theory he did not and was not to receive any benefits or consideration for these conveyances. But

under plaintiff's theory the conveyance made by the plaintiff and the conveyance procured from the other parties were for the purpose of enabling him to retain his title to the land and have the incumbrances cleared off so that, when he could repay the loan advanced by the defendant, he would be able to secure his land free and clear of all incumbrances.

Without entering into the further discussion of this question. it must suffice to say that in our opinion the court clearly erred in granting the defendant's motion, and the judgment of the circuit court is therefore reversed.