Doty v. Bitner.

---

DENNIS D. DOTY, *Appellant*, v. J. W. BITNER, *Appellee.*

No. 16,550.

QUITCLAIM DEED—*Consideration—Prior Unrecorded Deed.* The holder of a quitclaim deed who failed to show that he paid a valuable consideration therefor held to have no standing to claim a benefit from the failure of a prior grantee of the same grantor to record his conveyance.

Appeal from Stanton district court; WILLIAM H. THOMPSON, judge. Opinion filed May 7, 1910. Affirmed.

*R. W. Hoskinson,* and *Albert Hoskinson,* for the appellant.

*G. Porter Craddock, William Easton Hutchison,* and *C. E. Vance,* for the appellee.

*Per Curiam:* The defendant in ejectment relied upon a tax deed over five years old and an unrecorded conveyance from the former owner. The plaintiff relied upon a subsequent quitclaim deed from the same grantor. Judgment was rendered for the defendant, and the plaintiff appeals.

The tax deed was defective, particularly in stating as the consideration for the assignment of the certificate what was probably the amount paid at the tax sale. It is somewhat like the deed involved in *Van Buskirk v. Lawrence,* ante, p. 76, but whether sufficiently so to make that case decisive of this need not be determined. The plaintiff claimed under a quitclaim deed from one who had in fact parted with the title. He could take no advantage of the defendant's failure to record the earlier deed from the same grantor unless he was a purchaser for a valuable consideration. (*Grocer Co. v. Alleman,* 81 Kan. 543; *Morris v. Wicks,* 81 Kan. 790.) And the burden of proof in this respect rested on the plaintiff. (*Kruse v. Conklin,* ante, p. 358.) The conveyance to him recited that it was made for one dollar and other valuable considerations, but the recital was not evidence against a stranger. (*King v. Mead,* 60 Kan. 539.) Having failed to show any injury resulting to himself from the omission, he had no standing to complain of the defendant's failure to record the deed from their common grantor.

The judgment is affirmed.