L. M. PERKINS V. JOHN W. GREGORY et al. (R. M. ED-
MINSTON, *Appellee;* J. E. SPAULDING, *Appellant*).

No. 17,325.

SYLLABUS BY THE COURT.

1. QUIETING TITLE — *Bona Fide Purchaser — Judgment — War-
ranty Deed.* One who takes a warranty deed of a tract of
land after the rendition of judgment, based on publication
service, quieting title in the grantor, is not a purchaser in
good faith under section 83 of the civil code unless he pay a
valuable consideration on the strength of the decree.

2. ——— *Same.* The recital in such a deed of the payment of a
consideration is not evidence of the fact against the defend-
ant in the action to quiet title, who procures the judgment
to be opened up and makes a defense.

3. ——— *Burden of Proof.* One who asks affirmative relief or
makes an affirmative defense on the ground that he is a
purchaser in good faith under the section of the code referred
to has the burden of proving the fact.

Appeal from Finney district court. Opinion filed
June 8, 1912. Reversed.

*W. R. Hopkins,* and *Richard J. Hopkins,* for the ap-
pellant.

*R. W. Hoskinson,* and *Albert Hoskinson,* for the ap-
pellee.

The opinion of the court was delivered by

BURCH, J.: Perkins brought suit to quiet title
against Spaulding and others. Service was made by
publication and judgment was rendered for the plain-
tiff by default. In due time Spaulding procured the
judgment to be opened and filed an answer and cross-
petition denying title in Perkins, alleging ownership in
herself, alleging that subsequent to the decree Perkins
had conveyed the land, which was worth $1200, by
warranty deed, and praying judgment either for the
title or for the value of the land. Perkins then dis-
missed his cause of action for affirmative relief. Sub-

sequently, by agreement of parties, Edminston was made a defendant, Spaulding announcing at the time that she would amend her pleading within five days or else dismiss as to Edminston. After the five days had expired the case was called for hearing and Spaulding asked leave to dismiss as to Edminston, but permission to do so was denied. Edminston was then given leave to file an answer and cross-petition in which he alleged ownership and possession and that he purchased the land from Perkins by warranty deed after the rendition of the decree quieting title in Perkins and relying on the validity of such decree. Spaulding asked the statutory time in which to plead, but the application was refused and she was allowed to file a general denial instanter. Spaulding then dismissed as to Perkins and the case proceeded to trial. Edminston introduced in evidence the decree quieting title, Spaulding's answer and cross-petition against Perkins and the warranty deed from Perkins to Edminston, and rested. Spaulding demurred to this evidence but the demurrer was overruled. Spaulding then offered in evidence a chain of title which, had it been admitted and considered, would have established title in herself. The court, however, took the position that this evidence could not be introduced by way of defense to Edminston's claims and was competent only by way of evidence in chief under Spaulding's cross-petition, and therefore excluded it. Judgment was rendered for Edminston and Spaulding appeals.

Spaulding had the right to dismiss her case so far as it involved affirmative relief against Edminston if she so desired. On being denied this right she was still entitled to the position of a defendant to Edminston's answer and cross-petition and had the right to prove any facts which would defeat Edminston's claim to relief against her.

Edminston failed to prove possession and failed to prove that he purchased in good faith relying on the

decree quieting title: Spaulding's pleading admitted nothing except the conveyance by Perkins, and the warranty deed by Perkins was not sufficient to establish the required facts. The recital in the deed of a consideration paid was not evidence against Spaulding. (*King v. Mead,* 60 Kan. 539, 57 Pac. 113; *Kruse v. Conklin,* 82 Kan. 358, 108 Pac. 856; *Doty v. Bitner,* 82 Kan. 551, 108 Pac. 858.)

Without the payment of a valuable consideration on the strength of the decree Edminston could not be a purchaser in good faith as section 83 of the civil code requires, and one who asks affirmative relief, or makes an affirmative defense, on the ground that he has purchased real estate in good faith in consequence of a judgment quieting title based on publication service and therefore subject to be opened up, has the burden of proof.

The judgment is reversed and the cause is remanded for a new trial.

MASON, J., not sitting.

