BROWN, Appellant, v. EDE, et al., Respondents.

(176 N. W. 744.)

(File No. 4601.   Opinion filed March 2, 1920.)

1. Appeals—Undisputed Evidence, Assignments of Error Re, Immateriality.

The facts appearing from the appeal record being absolutely undisputed and established by competent evidence, assignments of error concerning evidence will not be considered.

2. Conveyances—First Recording, Priority Re Purchasers, Incumbrances—Unrecorded Defeasable Conveyance, Ineffectual Without Actual Notice—Statutes Construed.

Under Sec. 592, Rev. Code 1919, declaring that every conveyance of realty is void as against a subsequent purchaser or incumbrancer in good faith and for value whose conveyance is first duly recorded, and Sec. 1575, providing that when a grant of realty purports to be an absolute conveyance but is intended to be defeasable upon performance of conditions, it is not defeated or affected as against one not having actual notice, unless an instrument of defeasance shall have been recorded, etc.; held, construing the two sections together, two classes of persons only, viz., purchasers and incumbrancers, are protected thereby to exclusion of general creditors; that under Sec. 592, purchasers and incumbrancers are protected, while under Sec. 1575, protection is given to a purchaser or incumbrancer, without. "actual notice" that his grantor's title purporting to be by absolute conveyance, was intended to be defeasable on performance of certain conditions; and actual notice of existence of particular facts rendering title defeasable is required, while under Sec. 592, rights of a subsequent purchaser or incumbrancer may be defeated as against a prior unrecorded transfer or incumbrance by his knowledge of facts

or circumstances sufficient to put him on inquiry, though without actual knowledge of the prior instrument; that is, under Sec. 1575, implied notice is not sufficient to defeat rights of a subsequent purchaser or incumbrancer, while under Sec. 1575, either actual or implied notice may defeat his rights, even though his instrument be first recorded. So **held**, regardless of the form of conveyance to subsequent grantee contemplated by Secs. 549-50, Rev. Code 1919, relating to effect of quit-claim deeds, which cannot be defeated except by actual notice or knowledge of prior unrecorded conveyance.

3.  Quieting Title—Conveyances—Deed as Security, Defeasance Conditions Re, Versus Grantee's Grantees as Purchaser—Incumbrances.

Plaintiff, then owner of the realty in question, mortgaged it of record, thereafter conveying it to S by recorded warranty deed, as security to S under the latter's suretyship upon an undertaking on appeal from a judgment in favor of B and thereafter recovered against plaintiff, a judgment having subsequently been recorded against S under his obligation as such undertaker after the judgment appealed from had been affirmed; the land having thereafter been sold as that of S under execution upon the judgment against S, the certificate of sale having been assigned by B, its holder, to D, together with a quitclaim deed to D, also recorded; sheriff's deed thereafter issuing to D, who mortgaged the land, then conveyed to M., one E having, with funds belonging to an estate, paid off the mortgage given by plaintiff, together with certain taxes and expenses of improvements. When M purchased from D, he held E's note for a substantial sum, which he turned over to D, and took title subject to the mortgage given by D, and also obligated himself to refund the moneys paid by E, E having also conveyed by warranty deed to M. **Held**, that M's title is good as against the claim of plaintiff; it being conclusively shown that neither B (judgment creditor) nor D (grantee in sheriff's deed) nor M (grantee of said three parties), ever had actual notice or knowledge of existence of the unrecorded deed from S to plaintiff; therefore, under Sec. 559, Rev. Code 1919, defining effect as to covenants, of word "quitclaim," and Sec. 550, confining meaning of one deemed purchaser in good faith, etc., to one having actual notice or knowledge of prior unrecorded conveyance, and Sec. 1575, providing that a grant purporting to be an absolute conveyance, but intended to be defeasable on performance of conditions, is not defeated, etc., as against grantee, etc., unless an instrument of defeasance is recorded, the deed from S to plaintiff, though purporting to be absolute, cannot defeat or affect M's title.

4. **Conveyance—Knowledge of Title Through Creditor, From Abstract of Title, Effect Re Knowledge of Title Subject to Defeasance—Statute.**

> The mere fact that one purchasing realty knew, from examining his abstract of title, that his grantor acquired title through execution sale in favor of a creditor of his grantor, (who would not be protected by Sec. 592, Rev. Code 1919, protecting "a purchaser or incumbrancer)" does not charge him with notice that his grantor's title might be defeated by an unrecorded conveyance from the judgment debtor to an adverse claimant; since the mere possibility that such conveyance might exist, and if it did, might defeat the title, is a contingency remote from the purpose of Sec. 1575, concerning absolute conveyances intended to be defeasable on performance of conditions, without recorded instrument of defeasance.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by Frank M. Brown, against Ernest D. Ede, M. D. Whisman, as administrator with the will annexed to Ernest D. Ede, deceased, and others, to quiet title to realty. From a judgment quieting title in defendant McPherson, plaintiff appeals. Affirmed.

*Null & Royhl,* for Appellant.
*Crawford & Crawford,* for Respondents.

(3) To point three of the opinion, in re effect of the judgment against Sutphen, Respondents cited: Freeman on Executions, Sec. 336; 2 Black on Judgments, Secs. 446, 549, 587; Dickerson v. Colgrove, 100 U. S. 578, 25 L. Ed. 618; Jones v. Jones, 20 S. D. 639.

SMITH, J. Plaintiff who is appellant here brought an action in the circuit court of Beadle county to quiet title to a quarter section of land in that county. Defendants, among other things, pleaded facts by way of counterclaim, and demanded that title be quieted in defendant McPherson. The trial court made findings and conclusions, and entered a judgment quieting title in McPherson. Plaintiff appeals, assigning errors in the reception and rejection of evidence, alleging insufficiency of the evidence to sustain the findings, conclusions, and judgment, and error in overruling appellant's motion for a new trial.

[1]   In the view we take of this case, it is unnecessary to consider any assignments of error in relation to evidence, for the reason that all the facts which we deem · material to a determination of this appeal are absolutely undisputed and are established by competent evidence.   Briefly stated, these facts are as follows:

Prior to August 1, 1911, plaintiff was the owner of the land in controversy.   On that day he conveyed said land to one J. H. Sutphen, by warranty deed, which deed was filed and recorded on August 2, 1911.   On July 7, 1911, one Helen A. Brown had begun a suit against plaintiff Frank M. Brown, and on April 9, 1912, recovered judgment for $1,115.45.   From this judgment plaintiff perfected an appeal to the Supreme Court, and Sutphen became surety on the appeal bond, obligating himself to pay the amount of the judgment in the event of affirmance by the Supreme Court.   On the 7th day of July, 1913, said judgment was affirmed.   Thereafter a suit was begun in the circuit court of Beadle county by Helen A. Brown against Sutphen as surety, to recover upon said undertaking, and on the first day of October, 1914, judgment was filed and docketed against Sutphen in the sum of $1,358.45.   Upon this judgment execution was issued and levy made upon the land in controversy , as the property of Sutphen, and the same was thereafter duly sold at public auction to Helen A. Brown for $1,408.37, whereby said judgment was fully satisfied of record.   A certificate of sale was issued to Helen A. Brown, as purchaser, and filed and recorded on January 25, 1915.   Thereafter said certificate was assigned to the defendant Joseph J. Depner, which assignment was filed and recorded on March 16, 1916.   On the same day Helen A. Brown also executed and delivered to Depner a quitclaim deed of her interest in said land, which was filed and recorded on April 8, 1916.   On the 9th day of March, 1916, Sutphen and his wife executed and delivered to the defendant Depner a quitclaim deed of said land, which was also duly filed and recorded on April 8, 1916.  No redemption having been made, the sheriff of Beadle county, on the 29th day of March, 1916, executed and delivered to the defendant Depner a sheriff's deed, which was duly filed and recorded on the 8th day of April, 1916.   Prior to all these transactions, the plaintiff had mortgaged said land to secure

payment of a note for $2,500, which mortgage had been duly filed and recorded. On the 1st day of April, 1916, defendant Joseph J. Depner executed and delivered a mortgage upon said land to secure payment of his note for $3,250, due April 1, 1921, which mortgage was filed and recorded April 8, 1916. On the 2d day of June, 1917, Joseph J. Depner sold, and by warranty deed conveyed, said land to the defendant John McPherson. On April 7, 1916, one Ernest D. Ede, who had been the attorney for Helen A. Brown in prosecuting the action on the appeal bond, against Sutphen, paid the sum of $2,589.01, and obtained a release of the mortgage of $2,500, placed on the land by Brown in 1910. On April 19, 1916, Ede also redeemed the land from tax sales amounting to $105.36, and also paid taxes for the year 1917. At the time of these payments Ede was executor of the estate of one Morrill, and had in his hands funds belonging to said estate, and used such funds to make said payments, and also to pay Helen A. Brown for the assignment of the certificate of sale and quitclaim deed to Depner, and for repairing the dwelling house, the building of a barn, putting down a well and fencing on the land. The relations between Ede and Depner in the transaction last referred to are not entirely clear. It appears, however, that on the 2d of June, 1917, when McPherson purchased the land from Depner, McPherson held Ede's note for $1,500 (secured by an unrecorded deed to land owned by Ede in Lyman county), which he turned over to Depner, and McPherson took title to the land in controversy, subject to the outstanding mortgage for $3,200, given by Depner on April 1, 1916, and also signed an obligation to the Morrill estate for $4,500, the amount of money belonging to said estate, which Ede had used in making the payments above referred to. The record also discloses a warranty deed from Ede to McPherson, dated April 28, 1917. Plaintiff's claim of title rests wholly upon a transaction in 1911, between himself and Sutphen. On August 1, 1911, the same day on which plaintiff, by warranty deed, conveyed the land in controversy to Sutphen, Sutphen executed and delivered to plaintiff a warranty deed, re-conveying said land to plaintiff, which deed was never recorded, and none of the other parties

40—Vol. 42, S. D.

to this litigation ever had any knowledge or information of its existence. Appellant bases his claim to title upon this deed, contending that the deed to Sutphen was by way of security or indemnity to Sutphen against Sutphen's liability on the appeal bond hereinbefore referred to, and that the unrecorded deed executed to himself by Sutphen was, in effect, a defeasance intended to evidence the nature of the transaction between himself and Sutphen; that the levy of the execution and the sale of the land thereunder to plaintiff Helen A. Brown conveyed no title as against Sutphen's prior unrecorded deed to himself; that Sutphen never had any interest in the land, except as security against his liability on the appeal bond; and that no interest became vested in Depner through the assignment of the certificate of sale to Depner by Helen A. Brown and the execution of the sheriff's deed to him.

Appellant further contends that the execution sale at which Helen A. Brown purchased the land was absolutely void, for the reason that the execution appears to have been issued prior to the filing and docketing of the judgment and prior to the making up and filing of the judgment roll. In the view we take of this case, this question is immaterial.

[2] Appellant further contends that respondent, by reason of the occupancy of Brown's alleged tenants, had implied notice of Brown's title. This contention cannot be sustained for the reason that the decisions of this court upon the question of implied notice are not applicable.

Section 592, Revised Code 1919, declares that:

"Every conveyance of real property * * * is void as against any subsequent purchaser or incumbrancer * * * in good faith and for a valuable consideration whose conveyance is first duly recorded."

Section 1575, Id.:

"When a grant of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such grant is not defeated or affected as against any person * * * not having actual notice, unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in the office of the register of deeds of the county where the property is situated."

This court has construed these two sections together as part of the recording laws, holding that two classes of persons only, viz., purchasers and incumbrancers, are protected to the exclusion of general creditors. Assuming, then, that purchasers and incumbrancers are the only persons intended to be protected, a distinction must have existed in the legislative mind as to the conditions upon which such protection was to be extended, under the two sections. Under the former section, protection is extended to any person who has become a purchaser or incumbrancer in good faith and for a valuable consideration, whose conveyance is first duly recorded. Under the latter section, protection is extended to any person who has become a purchaser or incumbrancer without "actual notice" that his grantor's title, purporting to be by absolute conveyance, was intended to be defeasible on the performance of certain conditions.

Under the latter section, actual notice of the existence of the particular facts which would render the title defeasible is required, while, under the former, the rights of a subsequent purchaser or incumbrancer may be defeated as against a prior unrecorded transfer or incumbrance by his knowledge of facts or circumstances sufficient to put him upon inquiry, though without actual knowledge of the existence of the prior transfer or incumbrance.

In other words, under the latter section, implied notice is not deemed sufficient to defeat the rights of a subsequent purchaser or incumbrancer, while, under the former section, either actual or implied notice may defeat his rights, even though his instrument be first recorded. We are here directing attention to the distinction between the two sections (§§ 592 and 1575, Rev. Code 1919) without regard to the form of the conveyance to subsequent grantees contemplated by sections 549, 550, Rev. Code 1919, relating to the effect of quitclaim deeds, which cannot be defeated except by actual notice or knowledge of a prior unrecorded conveyance affecting the title to the land. Shultz v. Tidrick, 26 S. D. 505, 128 N. W. 811. Appellant is here contending that his deed to Depner, which on its face purports to be an absolute conveyance, is in effect a mortgage, or defeasible, and for that reason this deed comes directly within the purview of section 1575, supra.

[3]   In the case before us, it is conclusively shown that neither Mrs. Brown (the judgment creditor), nor Depner (grantee in the sheriff's deed), nor McPherson (the grantee of all these three parties), ever had actual notice or knowledge of the existence of the unrecorded warranty deed from Sutphen to the plaintiff Brown.   The record also discloses that plaintiff's grantee (Sutphen), holding under a deed from plaintiff Brown, which purported to be an absolute conveyance, for a presumed valuable consideration, sold and transferred his apparent title to Depner, by quitclaim deed; and Depner, for a presumed valuable consideration, by quitclaim deed, transferred his title to the defendant McPherson.   It is clear, therefore, that, under sections 549, 550 and 1575, supra, the deed from Sutphen to plaintiff Brown, although purporting to be an absolute conveyance, cannot defeat or affect McPherson's title.

[4]   It is suggested that McPherson, from an examination of the abstract of title, knew that Depner acquired his title through an execution sale by Mrs. Brown, one of Sutphen's creditors, who, under the decisions of this court, was not protected by either of the sections referred to; and, for that reason, was bound to know that Depner's title might be defeated by an unrecorded conveyance from Sutphen to Brown.   But the mere possibility that such a conveyance might exist, and, if it did, might defeat the title, is a contingency remote from the statute.

We find no prejudicial error in the record and, as the trial court reached a correct conclusion, the judgment is affirmed.