No. 33,144

EUGENE B. HYNDMAN, *Appellee*, v. THE WOMAN'S FOREIGN MISSIONARY SOCIETY OF THE METHODIST EPISCOPAL CHURCH, *Appellant*; F. C. HYNDMAN et al., *Appellees*.

(68 P. 2d 645)

Opinion filed June 12, 1937.

*H. W. Goodwin* and *W. H. Schwinn*, both of Wellington, for the appellant.

*E. J. Taggart, John Bradley*, both of Wellington, *Harry W. Hart, Glenn Porter, Enos Hook, W. Getto McDonald, Dwight S. Wallace* and *William Tincher*, all of Wichita, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to partition and quiet title to real estate. Judgment was rendered pursuant to the prayer of the answer of the plaintiff and certain defendants to a cross petition. Defendants against whom the judgment was rendered appeal.

The pleadings framed the issues as follows: Eugene B. Hyndman brought the action against the Woman's Foreign Missionary Society of the Methodist Episcopal Church, a corporation, and certain persons, all relatives of plaintiff. The petition, after the formal allegations identifying the parties, stated that at the time her death occurred, about August 24, 1929, Eliza J. Hyndman, of Bloomington, Ill., was the owner in fee simple of certain real estate in Sumner county, Kansas; that in her will Eliza bequeathed one half the real estate in question to the Board of Foreign Missions of the Methodist Episcopal Church and the remaining one half to the plaintiff and the defendants, except the defendant the Woman's Foreign Missionary Society, which was given nothing by the will. The petition alleged, then, that the Woman's Foreign Missionary Society was claiming some interest in the real estate by reason of a purported deed, but alleged that the deed was never delivered to the society and that the society was not the owner of any interest in the real estate in question. The prayer of the petition was that the court adjudge who were the owners of the real estate and the shares of the respective parties and that the Woman's Foreign Missionary Society be barred from any interest.

The Woman's Foreign Missionary Society filed an answer and cross petition. In the answer the society denied generally the allegations of the petition and admitted that the will referred to in the petition was the last will of Eliza, and denied that the real estate in question was devised by the will and denied that Eliza intended by the will to devise any real estate to any of the parties to the action. The answer admitted that the society was a foreign corporation, but denied that it was not authorized to do business in Kansas and denied that the plaintiff or any of the defendants except itself had any interest in the real estate.

In its cross petition the society set out certain provisions of the statutes of New York, which conferred on it the authority to hold and dispose of real estate and alleged that prior to October 26, 1906, Eliza was the owner of the real estate in question; that on the above

date she made a deed whereby she conveyed this real estate to the Woman's Foreign Missionary Society subject to a life estate in Eliza; that this deed was delivered by Eliza to the society with the request that it be withheld from record until the death of Eliza; that Eliza died on August 24, 1929, and the deed was filed for record on September 14, 1929; that by virtue of this deed the society was the absolute owner of the real estate in question and was in possession thereof. The cross petition then alleged that the plaintiff and some of the defendants were claiming some interest in the property under the will of Eliza and were making some other claims, the exact nature of which were unknown to the society, and that all of such claims were without right. The prayer of the cross petition was that plaintiff and the other defendants be required to come into court and set up their claims, and that the society be adjudged to be the owner in fee simple of the real estate in question.

The Board of Foreign Missions of the Methodist Episcopal Church filed its answer in which it admitted the facts set out in the answer and cross petition of the Woman's Foreign Missionary Society and denied every allegation in the plaintiff's petition except the execution and probating of Eliza's will. It also filed a cross petition in which it asked that if for any reason the rights of the Woman's Foreign Missionary Society be denied then that it should be adjudged to be the owner of an undivided one half of the real estate in question.

The plaintiff and all the defendants except the Board of Foreign Missions and the Woman's Foreign Missionary Society filed a reply in which they denied all the allegations of the answer of those defendants that were inconsistent with the allegations of the petition.

These parties also filed an answer to the cross petition of the Woman's Foreign Missionary Society. This answer pleaded first a general denial and further denied the Woman's Missionary Society had the authority under its charter to take title to real estate in Kansas. The answer further denied that the deed referred to in the cross petition was ever delivered to the society by Eliza. The answer further alleged Eliza from the time of the execution of the deed to the time of her death was in possession of the real estate, collecting the rent, paying taxes, keeping the improvements insured and in repair, and exercising all the rights of ownership and that she executed an oil and gas lease on the premises for a term of years.

The answer further alleged that under date of May 10, 1929, Eliza executed and delivered to the plaintiff and to certain of the de-

fendants, naming them, other than the society and the board, a mineral deed whereby she conveyed to them an undivided one half interest in all the oil, gas and other minerals under the premises in question; that this conveyance was recorded on June 21, 1929; that at the time of the delivery of this deed none of the grantees therein had any knowledge of the deed to the missionary society, and that the mineral deed was recorded prior to the time the deed to the society was recorded, and that the grantees in the mineral deed acquired good title to the mineral rights in the premises even if it should be held that the deed to the society was valid.

The answer further alleged that the deed to the Woman's Foreign Missionary Society contained a provision that after the death of the grantor the grantee might sell the real estate in question and should use the proceeds thereof for missionary work in China, and that if the deed ever was delivered it provided for a private trust and not a public charity and violated the rule against perpetuities and was void.

The prayer of the answer was that the missionary society take nothing by the action, that the deed to the Woman's Foreign Missionary Society be held for naught, and that the parties filing the answer be held to be the owners of an undivided one-half interest in the real estate and that their title be quieted and that the plaintiff and the defendants named in the mineral deed be adjudged the absolute owners of the mineral rights conveyed.

To this reply and answer the Woman's Foreign Missionary Society filed a general denial.

The case was submitted to the court. The court found that by virtue of the deed to the Woman's Foreign Missionary Society that society was the owner of the real estate in question and that the title of the society to the real estate should be quieted against all the parties to the action, except the plaintiff and the defendants named in the mineral deed, and the court found that these parties were the owners of the undivided one-half interest in the oil, gas and other minerals under the property by virtue of the mineral deed referred to. Judgment was entered accordingly. The Woman's Foreign Missionary Society appeals from that part of the judgment upholding the mineral deed.

Succinctly stated, the situation we have to consider is that—Eliza conveyed the land in question to the Woman's Missionary Society October 26, 1906; this conveyance was upheld by the trial court and

there is no appeal from that ruling; this conveyance was not placed on record until September 14, 1929, after the death of Eliza; Eliza remained in possession of the farm through her tenants until the day of her death; Eliza conveyed an undivided one-half interest in the minerals under the land to the plaintiff and some of the defendants on May 10, 1929; this conveyance was placed on record June 21, 1929.

It may be stated that as far as this record shows the grantees in the mineral deed had no notice or knowledge of the prior deed. It will be seen that the deed to the Missionary Society was given long prior to the mineral deed, but was not placed on record until after the mineral deed.

The appellees relied on G. S. 1935, 67-221, 67-222 and 67-223.. Those sections provide for the recording of real-estate conveyances and that such instruments shall not be valid except between the parties to the conveyance and such as have actual notice thereof until they shall be deposited with the register of deeds.

The appellant contends that those sections do not control in this case because the mineral deed was given without any consideration except for past gratuitous services.

Appellant states that the cause was tried by the trial court on the theory that the recital in the mineral deed that it was given for a consideration raised a presumption that such was the case. It is argued that this is only true as between parties to the instrument and does not apply to a stranger to the conveyance such as the missionary society is here. The appellant is correct in that contention. (See Doty v. Bitner, 82 Kan. 551, 108 Pac. 858.)

We cannot agree, however, with the contention of the appellant that the cause was tried on the theory that the burden of proof rested upon appellant to prove that the mineral conveyance was given without a valuable consideration. The pleadings in the case were somewhat involved and on this account counsel for both parties made careful statements.

Counsel for plaintiff, after stating the facts about as they have been given here, stated:

"The answering pleadings of the Hyndman family further assert and affirm the claim of these defendants and the plaintiff in this respect; they assert that they received for valuable consideration from Doctor Hyndman the deed to one half of the minerals in, on, and under this tract. In reference to that transaction, these defendants and the plaintiff who is joined in interest with them assert a title to one half of the minerals under that tract by reason of a

deed executed May 10, 1929, by Doctor Hyndman and recorded June 21, 1929. That mineral deed runs only to the plaintiff, Eugene B. Hyndman, and the defendants, F. C. Hyndman, E. R. Baxter and Allan C. Felt; so, the claims asserted, under that deed, may be asserted only by those four grantees. The deed is on the customary form, I believe, and was properly acknowledged, and duly recorded in this county. . . . Under the recording law, these four gentlemen have this mineral deed to half interest of the minerals, and having recorded it several months before the missionary society deed, have prior right so far as that specific property is concerned."

Counsel for appellant then made a statement as follows:

"In regard to the mineral deed, it will be the contention of The Woman's Foreign Missionary Society that that deed is valid and conveys an interest to these four nephews prior to the title conveyed to this defendant only in the event it was given for a valid consideration. It is our contention, notwithstanding that the deed of 1906 was not placed of record, but in accordance with the direction of Doctor Hyndman, it was placed in the vault of the society until after her death. If this mineral deed was not given for a valid consideration then this deed will take precedence."

There was then a colloquy between counsel and court, and counsel for appellant stated, "It seems the burden is upon them to show the invalidity of our deed to the Woman's Foreign Missionary Society, and the burden is upon us to show the invalidity of the mineral deed." Counsel for appellees agreed that such was correct. We hold that, in view of the fact that the issues were so framed by the pleadings that the burden of proving a valuable consideration was upon appellees, and that counsel for appellant so stated in his opening statement, the case was not tried by the district court on the theory that the burden of proving there was no such consideration rested on appellant.

The evidence disclosed that Eliza lived in Illinois and owned the land in Sumner county, Kansas, and that some of the defendants lived in Sumner county. The record showed that regardless of where the burden of proof was stated to be the appellees introduced a great deal of evidence calculated to show the performance of services by different defendants for Eliza, in taking care of and looking after this land for a period extending over a term of years. Nothing would be gained by detailing evidence in this opinion. Suffice it to say that there was ample evidence from which the court was warranted in concluding that there was a valuable consideration for the conveyance.

It is not necessary that a consideration be adequate in order for it to bring a conveyance under the registration statutes. It is suffi-

cient if it be substantial. (See *Morris v. Wicks,* 81 Kan. 790, 106 Pac. 1048.) In *Ennis v. Tucker,* 78 Kan. 55, 96 Pac. 140, the controversy was between two holders of quitclaim deeds, the later one recorded and the earlier one not. This court upheld the later recorded deed. When the argument was made that the later deed had not been given for a valuable consideration, this court said:

"It is further contended that Wagner was not a purchaser for value, having only paid $40 for the deed. We cannot consent to this conclusion. We do not understand the rule to be that a purchaser for value must necessarily give an adequate price." (p. 62.)

See, also, *Strong v. Whybark,* 204 Mo. 341, 102 S. W. 968.

Appellant argues that the record shows that all the consideration given by the grantees in the mineral deed was gratuitous services in return for which nothing was expected at the time the services were performed. Authorities are cited to the effect that the performance of gratuitous services is not the payment of a valuable consideration so as to support a conveyance. We hold that the evidence in this case is not such as to necessitate a conclusion that the services performed were gratuitous. No bill for the work performed was rendered at the time, but the work extended over a long period of years and consisted of many comparatively minor acts for which it would have been difficult to make a charge at any one time. Under all the surrounding facts and circumstances we hold that the trial court was warranted in reaching a conclusion that the services performed were not gratuitous. It is well settled that past services will support a conveyance. (See *Strong v. Whybark,* supra, also *Masterson v. Crosby,* [Tex. Civ. App.] 152 S. W. 173.)

The judgment of the trial court is affirmed.