STOTTS, Appellant, v. SWALLOW, et al, Respondents

(12 N. W.2d 808.)

(File No. 8539.   Opinion filed January 19, 1944.)

**Davenport, Evans & Hurwitz,** of Sioux Falls, for Appellant.

**W. J. Hooper,** of Gregory, for Respondents.

ROBERTS, J. This is an action to determine adverse claims to real property. Prior to December 27, 1939, Vinetta Cozad was the owner of the property in controversy. On that date, she and her husband, J. C. Cozad, conveyed the property by quitclaim deed to H. B. Cherry. At the time of the execution of the deed the following agreement was entered into:

"The attached envelope contains a Quit Claim deed to the premises described as Lot (15) Fifteen in Block (8) Eight Original town of Martin, So. Dak. Such deed running from H. B. Cherry and Marion Cherry, grantors to LaVerne Pike. The deed and envelope is deposited with David F. Heffron, Attorney.

"With instructions that upon the payment to the said Heffron of the sum of $360.00 by LaVerne Pike then the said envelope and deed shall be delivered to LaVern Pike and delivery of the deed made. That such payment may be made at any time on or before the 1st day of September, 1940, but, not later. If and in the event the said LaVerne Pike shall fail to pay such sum of $360.00 to the said Heffron by the said 1st day of September, 1940, then and in that event the said Heffron shall return such envelope and deed to H. B. Cherry.

"It is agreed that J. C. Cozad or Vinetta Cozad shall have the right to use and occupation of such premises and to its rents and profits until September 1st, 1940.

"Time shall be of the essence of this contract and Sept. 1st, shall expire as of midnight that day.

"Dated December 27th, 1939.

"H. B. Cherry, Seller

"LaVerne Pike, Buyer

"David Heffron, Escrow holder."

This agreement duly acknowledged and the quitclaim deed to H. B. Cherry were filed for record on December 28, 1939.

On February 24, 1941, H. B. Cherry sold, and by quitclaim conveyed, the property to plaintiff Fred C. Stotts. The trial court found that the conveyance from the Cozads to Cherry, though a deed in form, was in fact a mortgage; that LaVerne Pike, daughter of the Cozads, "was to take title to said property solely for the benefit of her mother"; that the value of the property greatly exceeded the amount of the consideration paid by plaintiff for the property; and that at the time plaintiff "took his deed to the premises * * * he had notice of defendants', Vinetta Cozad and J. C. Cozad, interest in and to the said premises and the agreement which had been executed." Plaintiff appeals from the judgment contending that the findings of the court are not supported by the evidence.

It is the claim of plaintiff that the agreement referred to was simply an option on the part of LaVerne Pike to purchase the property within a specified time and she having failed to exercise the option within the stipulated time, the contract was thereby effectually terminated. Defendants contend that the deed and this instrument were executed at the same time and as one and the same transaction and that the deed to Cherry was intended by the parties as mere security for money loaned by him to the Cozads for the purpose of paying taxes that had accrued against the property. A conveyance, though in form a deed, intended and understood by the parties thereto to be security for the payment of an indebtedness, is a mortgage and the parties thereto have the rights and remedies of mortgagor and mortgagee. SDC 39.0202, 39.0203. The fact,

however, that an absolute conveyance is accompanied by an agreement that the grantor may repurchase the property within a given time will not in itself suffice to constitute the deed a mortgage. Thus, in Henley v. Hotaling, 41 Cal. 22, in discussing the rule regarding the determination whether a deed absolute on its face, accompanied by a contemporanoeus agreement to reconvey or option to repurchase, is a mortgage or conditional sale, the court said: "There can be no question that a party may make a purchase of lands either in satisfaction of a precedent debt or for a consideration then paid, and may at the same time contract to reconvey the lands upon the payment of a certain sum, without any intention on the part of either party that the transaction should be, in effect, a mortgage. There is no absolute rule that the covenant to reconvey shall be regarded either in law or equity, as a defeasance." The character of a mortgage attaches only when the deed was intended as a form of security. In determining whether the transaction as between the parties and those having notice constitutes a mortgage or conditional sale, the intention of the parties is controlling and the rule is definitely settled that such intention may be ascertained from the written memorials of the transaction and the attendant facts and circumstances. Wilson v. McWilliams, 16 S. D. 96, 91 N. W. 453; Bernardy v. Colonial & United States Mortg. Co., 20 S. D. 193, 105 N. W. 737; Krug v. Kautz, 21 S. D. 461, 113 N. W. 623; Warren et al. v. Lincoln et al., 58 S. D. 196, 235 N. W. 597.

The deed from the Cozads to Cherry contains no defeasance. The so-called escrow agreement makes no mention of this deed. There is no mention in these instruments of a debt and there is no indication therein that the transaction was an equitable mortgage. Plaintiff contends that because the record gave no notice that the deed to Cherry was in fact a mortgage, the deed from the grantee in such conveyance to a subsequent purchaser without actual notice conveyed the legal title. SDC 39.0307 (§ 1575, R. C. 1919) provides: "When a grant of real property purports to be

an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such grant is not defeated or affected as against any person other than the grantee, or his heirs, or devisees, or persons having actual notice, unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in the office of the register of deeds of the county where the property is situated."

In Bucholz v. Hinzman et al., 44 S. D. 336, 183 N. W. 993, 995, this section was construed and it was there held that actual notice of the particular facts which would render a title defeasible is required and that an unrecorded defeasance was not binding as against a vendee under a written contract of sale without actual notice. The holding in the case of Murphy v. Plankinton Bank et al., 13 S. D. 501, 83 N. W. 575, to the effect that the provisions of the section quoted must be construed together with the provisions of the recording statute giving precedence only to subsequent purchasers and incumbrancers in good faith and for value, which are now contained in SDC 51.1620 (§§ 592, 593, R. C. 1919), and that the words "any person" therein must be construed to mean a purchaser or incumbrancer in good faith was expressly overruled. This court in Bucholz v. Hinzman, supra, said:

"The effect of the statute [SDC 39.0307] is to declare that a grant of real property purporting to convey an absolute title vests in the grantee a title which cannot be defeated or affected by an unrecorded defeasance, as against any person, except those specifically named in the statute, who may acquire, through the grantee in such conveyance, a title or equitable right in or to the land conveyed, without 'actual notice' of the existence of the defeasance contract. Grigsby v. Verch, 34 S. D. 39, 146 N. W. 1075; Brown v. Ede, 42 S. D. 621, 176 N. W. 744 * * *.

"We think it entirely unwarranted to restrict, by judicial construction, the meaning of the words 'any person' to 'purchasers or incumbrancers in good faith.' Section 592, Rev. Code, does use such latter language, and under it a

person without actual notice, but with knowledge of facts sufficient to put a prudent person upon inquiry, might be held not to be a purchaser or incumbrancer in good faith. Under section 1575, Rev. Code 1919, however, that question does not arise. Aside from the grantee or his heirs or devisees, it is only persons who do not have actual notice of the defeasance who are not protected by that section. This difference between the two statutes shows a manifest legislative intent to differentiate the one from the other, which would be frustrated by the interpretation in Murphy v. Plankinton Bank, supra."

▉ While § 39.0203, supra, providing that a transfer in form a deed may be proved a mortgage "except as against a subsequent purchaser or incumbrancer for value and without notice," is not referred to in the Bucholz v. Hinzman case, it is implicit in the holding that one standing in the position of a purchaser without atcual notice is not deprived by this section of the right to demand that as to him a transfer of real property absolute in form shall not be defeated or affected.

▉ It is apparent from the foregoing considerations that if plaintiff purchased the property in controversy without actual notice of the alleged agreement or understanding between the original parties, he acquired an indefeasible title. It is, however, earnestly contended that it may be inferred from the facts and circumstances surrounding the transaction at the time of the execution of the deed to plaintiff that he had actual notice that the original conveyance was only by way of security. Respondents rely upon evidence of occupancy by their tenants and of inadequacy of consideration passing from plaintiff to his grantor. The statutes provide that actual notice consists in express information of a fact; that constructive notice is notice imputed by the law to a person not having actual notice; and that every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the

fact itself. SDC 65.0502, 65.0503, 65.0504. The possession of property by prior grantors or their tenants may be sufficient to excite inquiry and to constitute constructive notice, but is not evidence from which actual notice may be inferred. Brown v. Ede et al., 42 S. D. 621, 176 N. W. 744; Patnode v. Deschenes et al., 15 N. D. 100, 106 N. W. 573.

The evidence discloses that plaintiff paid $180 for the property in question and satisfied tax liens amounting to $225.60. The evidence tends to show that the property was worth between $1,200 and $1,500, but we cannot consent to the conclusion that this was sufficient to justify a finding that plaintiff had actual notice that the deed to Cherry was in effect a mortgage or defeasible. Booker v. Booker et al., 208 Ill. 529, 70 N. E. 709, 100 Am. St. Rep. 250; Hyndman v. Woman's Foreign Missionary Soc., 146 Kan. 34, 68 P.2d 645. There is no claim of fraud and the consideration was not grossly disproportionate to the value of the property. It is clear from the evidence that the record title at the time of the delivery of the deed to plaintiff was in the name of his grantor, and to hold that because of mere inadequacy of consideration plaintiff should be held chargeable with actual notice of the claimed defeasible character of the title would be to deprive a purchaser of the protection of SDC 39.0307, supra, whenever the consideration is inadequate. Such construction is not permissible.

We hold that the trial court was not warranted in concluding that plaintiff had actual notice of the claimed defeasance, and for these reasons the judgment appealed from is reversed.

All the Judges concur.