Moore *v.* Thomas.

Filed March 13, 1894.

--------◆--------

No. 16,544.

## Moore *v.* Thomas.

JUDGMENT.—*A Lien Only on Lands of Judgment Defendant, in Which He Holds a Beneficial Interest.—Trust and Trustee.*—Where J. M. Moulder, W. B. Ream and Jetta Mass purchased certain real estate, each contributing and paying one-third of the purchase-price, and by mutual mistake, and contrary to agreement and understanding that the deed should be executed to said Moulder, Ream and Jetta Mass jointly, the name of Jacob Mass, the husband of said Jetta Mass, was inserted instead of hers, as one of the grantees in the deed, said Jetta Mass having no knowledge of such mistake, and at no time consenting or acquiescing in the deed being made to her husband,—a judgment rendered against Jacob Mass, while he thus held the legal title to such land, would not constitute a lien thereon, as Jacob Mass had no beneficial interest in the land, but simply held the legal title in trust for his wife.

From the Howard Circuit Court.

*J. E. Moore*, for appellant.

*J. W. Cooper* and *B. F. Harness*, for appellee.

COFFEY, J.—This was an action in the Howard Circuit Court, by the appellee against the appellant, to quiet title to the real estate described in the complaint.

At the request of the appellant, the court made a special finding of the facts proven on the trial of the cause, and stated its conclusions of law thereon.

From the facts found, it is made to appear that on the 21st day of April, 1887, J. McLean Moulder, W. B. Ream and Jetta Mass purchased of Malissa C. Hart the land in controversy, for the agreed price of one hundred and thirty dollars, each contributing and paying one-third of this amount. At the time of the purchase it was agreed and understood that the deed of conveyance should be executed to said Moulder, Ream, and Jetta Mass, jointly, but through the mutual mistake and oversight of the parties the name of Jacob Mass, the husband of Jetta Mass, was inserted as one of the grantees in the deed, but he paid no part of the purchase-price of the land. At the time of the execution of the deed, Jetta Mass had no knowledge that her husband's name had been inserted in the deed in place of her own name, nor did she ever have such knowledge until a short time before the commencement of this suit; nor did she at any time consent or acquiesce in the deed being made to her husband, Jacob Mass.

In the year 1887 Moulder and Ream conveyed their interest in the land to Jetta Mass, and on the 30th day of November, 1888, Jetta Mass and her husband conveyed to the appellee. On the 4th day of November, 1887, the appellant recovered a judgment in the Howard Circuit Court against Jacob Mass, the husband of Jetta

Mass, for the sum of three hundred and eighty dollars. The court stated as a conclusion of law upon the above facts, that the judgment of the appellant against Jacob Mass never became a lien on the land in controversy, and that the appellee was entitled to a decree quieting her title.

We are of the opinion that the Howard Circuit Court did not err in its conclusions of law on the facts stated in its special findings. It is well settled in this State, that a judgment is only a lien upon the interest of the judgment debtor in land, and that such lien is subject to all existing equities in favor of third parties. *Hays* v. *Reger*, 102 Ind. 524; *Foltz* v. *Wert*, 103 Ind. 404; *Wells* v. *Benton*, 108 Ind. 585.

Jacob Mass never had any beneficial interest in the land in controversy. He held the mere naked legal title in trust for Jetta Mass, his wife. In such cases a court of equity never hesitates to protect the wife's interest as against the claims of her husband's creditors. *Goldsberry, Admr.*, v. *Gentry*, 92 Ind. 193; *Lord* v. *Bishop*, 101 Ind. 334; *Heberd* v. *Wines*, 105 Ind. 237.

The judgment rendered in the Howard Circuit Court in favor of the appellant and against Jacob Mass never became a lien on this land, for the reason that Jacob Mass never had any interest in it to which such a lien could attach. If the judgment was not a lien prior to the time the land was conveyed to the appellee, it could not become such by reason of the fact that it was conveyed. We think that the appellee possesses all the rights in this land held by Jetta Mass prior to the execution of the conveyance.

Judgment affirmed.

Filed March 8, 1894.