## FITZGERALD v. MILLER *et al.*

Under a power of attorney from D., who held the legal title, M. sold for full value, and attempted to convey to W., a lot located upon a certain 40-acre tract, which had been laid out and platted as a town site. The deed was inadvertently signed by M., the attorney in fact, as grantor, instead of D., the legal owner, by said attorney in fact. W. immediately erected a business building thereon, and went into and remained in actual possession, and was so occupying the premises for the purposes of trade, when a deed to the entire 40 acres, upon which the lot in controversy is situated, was executed to E. M. in proper form, signed D., by his attorney in fact, and afterwards, for the purpose of correcting the error and to carry out the agreement between the original parties, a proper and sufficient deed to the lot was executed and delivered to F., a *bona fide* purchaser, who, claiming title under a deed from W., had been for more than 10 years in actual possession of the premises. In an action by F. to quiet title, and set aside the deed to E. M. so far as the same affects said lot, and to restrain a judgment creditor of said E. M. from selling the premises on execution to satisfy his judgment, it is *held*, on demurrer to the complaint, that the same states a cause of action, and that, as against W., the equitable owner or his successor in interest in actual possession, the deed to E. M. is void, under section 3303 of the Compiled Laws, and that the lien of said judgment creditor is subject to existing equities.

(Syllabus by the Court.   Opinion filed May 11th, 1895.)

Appeal from circuit court, Hand county. Hon. LORING E. GAFFY, Judge.

Action to remove a cloud upon title to real estate. Judgment for defendants, and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*John L. Pyle,* for appellant.

The court has power to correct a conveyance so as to make it correspond with the intention of the parties. Lee v. Johnson, 6 Sup. Ct. 249; Shepley v. Cowan, 91 U. S. 330; Waldon v. Skinner, 101 U. S. 577; Hunt v. Rousmaniere, 1 Pet. 113; Same v. Same, 8 Wheat 174; Stark v. Starr, 94 U. S. 477; Silver v. Ladd, 7 Wall. 219; Baker v. Marton, 12 Wall. 150; Brown v. Pierce, 7 Wall. 205; Jones v. Havester, 1 N. W. 443.

*Baldwin & Frederick,* for respondents.

General allegations of a pleading are controlled by the specific. 12 How. 321; Id. 330; 15 How. 266. Adverse possession must be under some specific title. Crary v. Goodman, 32 N. Y. 170; Laverty v. Moore, 33 N. Y. 658; Requa v. Holmes, 26 N. Y. 338; Thallhimer v. Binckerhoff, 3 Cow. 623. An action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claim. Bidwell v. Webb, 10 Minn. 59; Powers v. Bowdle, 54 N. W. 404.

FULLER, J. This was an action to remove a cloud upon the title to certain real estate, and to restrain the sale thereof upon execution, and the appeal is taken by the plaintiff from a judgment of dismissal entered in favor of the defendants upon a demurrer to the complaint, upon the ground that the same does not state facts sufficient to constitute a cause of action. The substantive facts upon which plaintiff relies, as disclosed by his complaint, are, briefly stated, in effect as follows: On the 3d day of May, 1882, the title to the original town site of Miller was in the name of Alexis Dumerce, a half-breed Sioux Indian, and at that time, and at all subsequent periods, Henry Miller was, and for about 15 years prior thereto had been, fully authorized and empowered by said Alexis Dumerce, under his irrevocable power of attorney, to acquire, take possession of, and to sell, and in his name to transfer, by good and sufficient warranty deed, any and all of the real estate described in the complaint as the original town site of Miller, and located upon the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 10, township 112, of range 68 W. of the fifth principal meridian, and it is alleged that said power of attorney conferred upon said Henry Miller the full powers of an owner over the real estate so located. That on the date above named Henry Miller sold for a valuable consideration lot 5 of block 4 of the original town site of Miller to John C. Williams, and, although intending to convey said lot by a good and sufficient warranty deed, the transfer, as shown by said deed, which was immediately recorded, purports to

be directly from Henry Miller to John C. Williams, and the name of Alexis Dumerce does not appear therein as grantor or otherwise. That said property has ever since been in the actual possession of the grantee in said deed, and his successors, claiming adversely to the said Henry Miller and the said Alexis Dumerce. That "said John C. Williams went into immediate possession of said lot, and erected a building thereon, which has been used as a store building, by the said John C. Williams, from said May 3, 1882, until the time of his death, and from the time of his death until November 26, 1883, by Cyrus B. Maple, his administrator. That on said November 26, 1883, the said Cyrus B. Maple, as administrator of the estate of said John C. Williams, deceased, executed and delivered to the plaintiff herein, James D. Fitzgerald, a warranty deed of said lot, for the sum of $1,310, which sum was at that time paid by the said James D. Fitzgerald. The said James D. Fitzgerald went into immediate possession of said lot, together with the building erected thereon, and has ever since had the exclusive possession thereof. * * * That on January 4, 1894, the said Henry Miller, for the purpose of correcting the execution of said deed of May 3, 1882, executed and delivered to James D. Fitzgerald a deed of said lot, signing the name of Alexis Dumerce thereto, and his own name as attorney in fact of said Dumerce. Said last-mentioned deed was duly acknowledged on the 4th day of January, 1894, and filed for record on the same day, and recorded in Book 28, page 258, of Hand county records; but the consideration for such conveyance was wholly paid on May 3, 1882, at which time said property was purchased by said Williams from the said Henry Miller, he acting as attorney in fact for the said Alexis Dumerce, having full power and authority at that time to sell and convey said property. That the plaintiff is the owner of said property, and no other person has any interest whatever therein."

It further appears, from the allegations of the complaint, that a deed under date of July 8, 1882, was executed and delivered by Henry Miller, as the attorney in fact of Alexis Dumerce, to Eudell

J. Miller, in which the above mentioned S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 10 was described, and on the 7th day of August of the same year Eudell J. Miller obtained from Alexis Dumerce a quit-claim deed thereto, and both deeds thus procured were duly recorded in the office of the register of deeds. That, at the time of the execution and delivery of said deeds, John C. Williams was in actual possession of lot 5 in block 4, being a part of the 40-acre tract above described, claiming adversely to the said Henry Miller and Alexis Dumerce under his deed to said lot executed May 3, 1882. That after said deeds to Eudell J. Miller were executed, delivered and recorded, certain judgments were obtained and docketed against said Eudell J. Miller, and the same were thereafter assigned to the defendant Sherman Frederick, who has caused execution to be issued, and the defendant sheriff has levied upon the lot above described as the property of said judgment debtor, and has advertised, and unless restrained will sell, the same in satisfaction of said judgments, and thereby create a further cloud upon plaintiff's title. In his demand for relief, which is in the usual form, plaintiff prays, in substance, that the deeds of July 8 and August 7, 1882, to Eudell J. Miller, be declared void, and cancelled so far as the same affect lot 5 of block 4, and that each of the defendants be adjudged to have no interest therein, and that the cloud created by said deeds and judgments be removed from plaintiff's title thereto, and that the defendant sheriff and his successors in office be, restrained from selling said lot under the above mentioned executions, or upon any other executions issued upon judgments against the said Eudell J. Miller.

This appeal is not resisted by the defendant Eudell J. Miller, who offered no defense in the court below, but counsel for defendants Frederick and Walsh maintain that the complaint fails to state facts which entitle the plaintiff to any relief, although a right of action might exist in favor of John C. Williams. In brief, it is contended that there are no allegations sufficient to enable plaintiff to establish his claim of title from John C. Williams, and as it is not made to appear, by direct and unequivocal averments, that

an administrator was duly appointed and authorized, under the statute, to sell and convey the real estate in question, we are inclined to regard the phraseology of the complaint in that particular objectionable; and in order to determine whether such pleading, viewed as an entirety, states facts sufficient to enable plaintiff to maintain a cause of action against either or both of the defendants appearing, we have carefully considered the various allegations of the complaint, and from the recitals of which, when collectively examined, it clearly appears that in the original transaction both Miller and Williams acted in the utmost good faith. Williams paid full value for the lot, made valuable improvements thereon, went into actual possession and was occupying the same under his deed, when the transfers were made to Eudell J. Miller. . That Henry Miller intended to give Williams a good and sufficient deed is exemplified by the following averment, which must be taken as true: "That on the 14th day of January, 1894, the said Henry Miller, for the purpose of correcting the execution of said deed of May 3, 1882, executed and delivered to James D. Fitzgerald a deed of said lot, signing the name of Alexis Dumerce thereto, and his own name as attorney in fact of said Alexis Dumerce."

If John C. Williams was in actual possession and the equitable owner of the lot in controversy, claiming said property under a title adverse to that of Eudell J. Miller's grantor at the time his deeds were executed and delivered, the same were insufficient to convey any title and were void under section 3303 of the Compiled Laws, which is as follows: "Every grant of real property * * * is void, if at the time of the delivery thereof, such real property is in the actual possession of a person claiming under a title adverse to that of the grantor." Had Henry Miller, as the authorized agent of Alexis Dumerce, sold and entered into a parol agreement to convey the lot in controversy to John C. Williams, who, relying upon said agreement, paid the purchase price, and entered into actual possession, and so continued to occupy the property, making valuable improvements thereon, his position would be that

of one "claiming under a title adverse to that of the grantor"; and
a court of equity would, independently of the statute above quoted,
unhesitatingly enforce the contract, and require the execution of
a deed according to the terms thereof.   In its usual and ordinary
acceptation, the word "title" signifies the means by which the
owner of land rightfully holds the possession thereof, and the
deed from Henry Miller to John C. Williams, as described by the
complaint, was sufficient to sustain a claim of title and ownership
adverse to the grantor in the deed to Eudell J. Miller; and, under
section 3303 of the statute, said last-mentioned transfer was void,
and therefore ineffectual, as against Williams or any subsequent
holder of the equitable title in actual possession, claiming to be
the owner of the property.   Dawley v. Brown, 79 N. Y. 390; In-
surance Co. v. Grim, 32 Ind. 249; Swett v. Poor, 11 Mass. 549;
Kennebec Purchase v. Laboree, 11 Am. Dec. 79.   Assuming that
plaintiff, who bought and paid full value for the property on the
26th day of November, 1883, would not, under the allegations of
his complaint, be permitted to establish upon the trial the author-
ity of the administrator of the estate of John C. Williams to exe-
cute the deed under which he went into and continuously re-
mained in actual possession for more than 10 years, he would still
be entitled to recover, as against the defendant, under the deed
of January 4, 1894, executed in the name of Alexis Dumerce by
Henry Miller, his attorney in fact.   The deeds to Eudell J. Miller
being void under the circumstances of this case, viewed in the
light of the statute, no interest thereby vested in him, and there
was nothing to which the liens of his judgment creditors could at-
tach.   To the effect that a judgment is only a lien upon the inter-
est of the judgment debtor in land, and that such lien is subject
to all existing equities in favor of third parties, see Moore v.
Thomas (Ind. Sup.) 36 N. E. 712, and numerous cases there cited.
From the allegations of the complaint it sufficiently appears that
the previously recorded deeds to Eudell J. Miller cast a cloud
upon plaintiff's title, and the fact that his property has been
seized and advertised for sale, under executions issued upon judg-

ments against said Miller, suggests a further cloud and a multiplicity of suits. We conclude that the complaint states facts sufficient to constitute a cause of action, and the judgment of dismissal entered upon the order sustaining the demurrer is reversed.