AMERICAN NATIONAL BANK, Appellant, v. GROFT, et al, Respondents.

(229 N. W. 376.)

(File No. 6846. Opinion filed February 21, 1930.)

462

*Sterling, Clark & Grigsby,* of Redfield, for Appellant.
*Bruell & Henderson,* of Redfield, for Respondents.

CAMPBELL, J. Plaintiff, in March, 1927, recovered and docketed in Spink county, S. D., a money judgment against the defendant Roa Groft for something over $3,000 subsequently reduced by partial payments to about $2,400. Thereafter, and in June, 1927, plaintiff instituted the present action, being an action to quiet title and determine adverse claims pursuant to section 2846, R. C. 1919. In its complaint plaintiff claimed a lien upon all of section 12, township 117, range 65, in Spink county, S. D., by virtue of its judgment against Roa Groft, alleging that at the time of docketing said judgment the defendant Roa Groft was the owner of an undivided one-sixth interest in said realty. The complaint further alleged as follows:

"That prior to the docketing of said judgment and on the 28th day of January, 1924, there was filed in the office of the Register of Deeds of Spink county, a certain quit claim deed, whereby the defendant Roa Groft purported to convey and quit claim to the defendants, Ella Twiss, Maud Fry, Mable West, Bernice Brill and Hazle Stoick, the above described real property;

which deed was recorded in book 85 on page 451; and that said deed is not a grant or conveyance of said real property, but was executed and delivered by said Roa Groft to the Grantees named therein as a mortgage on said real estate to secure an alleged indebtedness to the said Grantees, the amount of which indebtedness is unknown to this Plaintiff.

"IV. That there is of record in the office of the Register of Deeds of Spink County, South Dakota, a mortgage on the South Half (S½) of said Section 12, dated March 17, 1924, and recorded April 22, 1925, in Book 139 at Page 398, purporting to secure an indebtedness to one Frank Twiss for $12,000.00; and that said mortgage is not a lien upon said real estate for the sum of $12,-000.00 but for a sum less than $6,000.00.

"V. That this action is brought for the purpose of determining the liens or interest of all of the parties hereto in and to the real property above described. That the defendants are proper parties to this action under the provisions of Article I of Chapter III of Part IX of Title II of the Revised Code of 1910.

"Wherefore Plaintiff demands judgment that its judgment against the defendant, Roa Groft, in the Circuit Court of Spink County, be declared to be a lien upon such defendant's interests in said real estate as of the date of the docketing of such judgment; and that the defendants be required to answer herein setting forth their claims to or interests in the above described property."

The defendant Roa Groft defaulted. The defendant mortgagee Frank Twiss was not served with process, and his rights are not involved, though plaintiff appears to concede that he has a valid mortgage upon the premises prior to any claim of plaintiff thereon in some indeterminate amount less than $12,000.

The defendants Ella Twiss, Maud Fry, Mabel West, Bernice Brill, and Hazel Stoick answered, admitting the conveyance to them by Roa Groft of an undivided one-sixth interest to said realty in January, 1924, as stated in the complaint, but alleging that the same was an absolute conveyance, and that by virtue thereof they became and have since continued the owners of Roa Groft's then one-sixth interest in said realty subject to the mortgage lien of the defendant Frank Twiss, and denying that plaintiff had any claim to or lien upon the property.

The case was duly tried to the court, and findings, conclusions, and judgment were in favor of defendants, from which judgment and from a denial of its motion for new trial plaintiff has now appealed.

The facts developed upon the trial are that some time prior to January, 1924, one John Groft, who in his lifetime was the owner of the realty in question, died intestate, leaving as his sole heirs at law his son, Roa Groft, and his five daughters, Ella Twiss, Maud Fry, Mabel West, Bernice Brill, and Hazel Stoick. At the time of John Groft's death his son Roa was indebted to him in a considerable amount, and he also purchased some personalty from the estate at an administrator's sale, for which he had not paid. It appears that the son, Roa Groft, had no money or means whereby to pay the amount which he had owed his father or his indebtedness for the property purchased at the administrator's sale. Under these circumstances Roa Groft executed and delivered to his five sisters a quitclaim deed in statutory form, conveying to them all his interest in the realty in question "and all interest as heir in and to the estate of said John Groft, deceased." Subsequently, and in November, 1925, the administration of the estate of John Groft was completed and final decree was made and entered therein, reciting, among other things, that the sole heirs of John Groft were Roa Groft and his five sisters; reciting further the conveyance by Roa Groft to his sisters of all his interest in the estate; and assigning the realty above described, and the whole thereof to the five sisters, an undivided one-fifth to each. When Roa Groft executed the quitclaim deed above mentioned it was agreed and understood that the interest in realty which he thereby conveyed to his sisters, would be reconveyed to him in the future at his request upon the making of certain payments. The exact amount of those payments is difficult to ascertain from the record. A written agreement for reconveyance was drawn when the deed was drawn, but it was signed only by the administrator of the estate (one Davis), and not by any of the parties named as grantees in the deed. How far Davis had authority to bind the grantees by this written agreement which he signed is far from clear upon the record. The written agreement recites that the conveyance would be made upon payment of $1,293.80, with interest at 7 per cent from January 24, 1924. Roa Groft himself testified that at the time of

executing this deed he owed his father or the estate in the amount of $200 for a threshing machine purchased, $1,500 for a house purchased, and some notes paid by his father and small accounts amounting to $1,293.80, and it appears to have been his understanding that he would have to pay all of these amounts to secure a reconveyance. He said in part: "I imagine I know the difference between a deed and a mortgage. I knew I was giving a deed to this property. It did not make much difference to me if somebody might claim I had transferred all my interest in the property. I did not care whether they had any agreement or not. I imagine the indebtedness for which this deed was given was around $4,-000.00." This likewise seems to be the effect of the testimony of some of the other witnesses.

██ ██ The vital question upon which this case hinges is as to the real nature and legal effect of the conveyance by Roa Groft to his sisters and the agreement to reconvey. Was it for security only, or was it an absolute transfer with an option to repurchase? In other words, was it a mortgage in the form of a deed absolute and separate defeasance, or was it a conditional sale? If, notwithstanding its form as an absolute transfer, the transaction was one of mortgage, then the sisters of Roa Groft are merely mortgagees in possession, and Roa Groft has an actual present interest in the realty subject to said mortgage, which constitutes in the said Roa Groft an interest in reality of such nature that the lien of a judgment against him will attach thereto (subject of course to the mortgage lien of his sisters and any other prior liens), and upon which a judgment creditor of Roa Groft may levy, subject likewise to prior incumbrances. If, on the other hand, the transaction was an absolute conveyance with a conditional agreement for reconveyance, then Roa Groft has no present interest in the realty in question, and a judgment against him cannot be a lien on said realty. He has a contract right which may enable him upon the making of certain payments to obtain an interest in realty. Perhaps in a sense he may be said to have an equitable interest therein, but he stands substantially in the position of the vendee of realty under an executory contract and has no such interest in realty as is subject to the lien of a judgment in favor of his creditors. Reid v. Gorman, 37 S. D. 314, 158 N. W. 780. We do not wish to be understood as saying that this contract right cannot be reached by his creditors. What

we do mean to say is that the mere existence of such contract right cannot be availed of by creditors of Roa Groft to establish a lien on the realty which is the subject of the contract, unless and until they first perform or offer to perform the contract; that is, unless they pay or cause to be paid or properly tender the amount which Roa Groft would have to pay or tender (whatever it may be in this case) to secure the reconveyance which he has contracted for.

██ ██ The learned trial judge found in this case that the conveyance from Roa Groft to his sisters was an absolute conveyance; that is, in substance, that it was a transaction in the nature of conditional sale, rather than in the nature of mortgage. We incline to believe that the learned trial judge was correct in this finding, although we concede that question may not be entirely free from doubt. The parties, as frequently happens, were perhaps somewhat vague as to what might be the precise legal effect of what they were doing. It is true that one of the elements of mortgage is "security," and in connection with this transaction the parties appear frequently to have used the word "security," but it is entirely obvious that they did not use it with any intention thereby to bind themselves as to any definite legal import of the word in this connection. That it is frequently difficult to determine the exact character of a transaction of this sort.is undoubtedly true, but the broad rule is that whether such transaction is a sale upon condition or a mortgage depends upon the actual intention of the parties at the time as gathered from the situation of the parties and all attendant facts and circumstances. One of the essential elements of mortgage is a debt to be secured. In this case, in the closing up of John Groft's estate, Roa Groft was not in any manner listed, named, or indicated as a debtor. It is apparent from all the testimony of all the parties that none of them considered Roa Groft as indebted to the grantees in this deed in any amount whatever. None of them considered him, after the giving of the deed in question, under any obligation to pay anything at any time, nor do we believe he is so obligated. One of the strongest proofs that a transaction of this character is intended by way of sale, rather than by way of mortgage, is that a pre-existing debt was regarded and treated by the parties as extinguished or discharged by the conveyance. 41 C. J. 287. Jones on Mortgages (8th Ed.) §§ 314, 316, 318.

■ We believe it clearly appears from a study of all the evidence in this case that all these parties did regard the indebtedness of Roa Groft to his father and to his father's estate as extinguished and discharged by this conveyance. If he did in fact thereafter make whatever payments were agreed upon, they were willing to reconvey to him, but he was under no obligation ever to make any such payments. Notwithstanding the more or less frequent use of the word "security," we are of the opinion, from all the facts and circumstances, that the conveyance in question extinguished the debt of Roa Groft. The general rule is fairly well established that, if it is optional with the grantor to pay and recover the land or to abandon the land to the grantee, the transaction should be held conditional sale. 41 C. J. 288. We incline to the view that the learned trial judge rightly found this transaction to be sale, not mortgage. In any event, his finding on this point should be sustained, unless it is contrary to the clear preponderance of the evidence, and we are entirely unable to say that the clear preponderance of the evidence in this case establishes the transaction in question as a mortgage.

■ Appellant urges that, if there is any doubt whether the transaction is mortgage or conditional sale, such doubt must be resolved in holding the instrument a mortgage, and cites on that point Wilson v. McWilliams, 16 S. D. 96, 91 N. W. 453. That is a rule of equity which may well prevail in favor of the party who executed the deed as against the party who received it when the controversy is between them, as was the case of Wilson v. McWilliams. The conveyance by Roa Groft to his sisters was made January 24, 1924, and filed in the office of the register of deeds four days later. The exact inception of appellant's claim against Roa Groft upon which it acquired its judgment is not shown beyond the fact that appellant acquired the claim by purchase from Athol State Bank some time subsequent to July 15, 1925. Under those circumstances, particularly, we see no ground for the claim of any general equity in favor of appellant and against the grantees whereby appellant could claim to be entitled to have any doubts as to the exact nature of the transaction resolved in its favor as being mortgage rather than sale. In this case the testimony of the grantor himself, taken as a whole, quite strongly indicates that the transaction was sale rather than mortgage, and he is making no complaint in that regard.

468

■ Inasmuch as there is no clear preponderance of the evidence against the finding of the trial court with reference to the nature of the transaction, such finding must be affirmed. If such finding is affirmed, it follows, under the circumstances of this case that the judgment is correct. As previously indicated, the contract right of Roa Groft to have a reconveyance of the realty in question upon making certain payments is presumably a valuable right and can be reached by his creditors. The creditor can bring a proceeding in equity to determine the amount necessary to pay for reconveyance, and, the amount being determined and paid or properly tendered by the creditor, there will arise an interest in realty which may be subject to the lien of the creditor's judgment. Whether by apt pleading such result can ultimately be reached by starting the action as an action to quiet title under section 2846, R. C. 1919, may very well be questioned. That is a point, however, which need not be decided in this case. Appellant did not make any attempt to do that in this case. Appellant did not endeavor anywhere in this proceeding to establish any right on its part, in the event the transaction was determined to be a conditional sale and not a mortgage. Appellant never offered or tendered anything, and did not anywhere seek any such relief as that. Appellant's entire procedure in this case, both in the court below and on appeal, was predicated absolutely on the theory that the transaction in question was a mortgage; that appellant need not pay or tender anything, but was entitled to an adjudication that Roa Groft had an actual present interest in the realty in question, subject to a mortgage to his sisters by virtue of the quitclaim deed, and that the judgment of appellant was an actual present lien against such interest in said realty subject to existing incumbrances thereon.

The trial court having found that the transaction in fact was a sale and not mortgage, and appellant not having in this proceeding in any manner sought any relief predicated on that fact situation, judgment was properly entered in favor of respondents.

It is perhaps unnecessary to say that this judgment does not in any manner determine any questions that may exist with reference to the rights or remedies of appellant upon the basis of the facts as found in this case. It does not in any manner adjudicate or determine the nature, existence, or extent of any rights which

appellant may claim by reason of the existence of its judgment against Roa Groft or the existence of Roa Groft's contract right against his sisters, nor does this judgment determine the nature, extent, or validity of such contract right at the present date, nor the amount required to be paid to exercise the same, if it can be now exercised. Under the pleadings and the circumstances of this case the present judgment determines that appellant has no present interest in or lien upon the realty in question; that the conveyance by Roa Groft to his sisters was not a transaction in the nature of mortgage; and that Roa Groft has no such present interest in the realty in question as to render a judgment against him a lien against the realty.

The judgment and order appealed from are affirmed.

BROWN, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.