RUDEN, Respondent, v. KIRBY, Appellant.

(241 N. W. 791.)

(File No. 7207.   Opinion filed March 29, 1932.)

*Joe H. Kirby,* of Sioux Falls, for Appellant.
*Roy E. Willy,* of Sioux Falls, for Respondent.

MISER, C. On March 9, 1928, one Fritz was the record owner of 733 acres of land in Turner, Minnehaha, and McCook counties. It was subject to first mortgages of $42,000; to second mortgages of $7,618, held by the Farmers' State Bank of Parker, which bank was in charge of the superintendent of banks; to third mortgages of $6,813, held by one Staebell, trustee; and to a fourth mortgage securing one note for $581.15, also held by the Parker bank, and another note for $7,500, held by the War Finance Corporation. The second mortgages were four years past due, with about five years' interest unpaid. On that day an agreement was entered into between Fritz, the superintendent of banks in charge of the Parker bank, and Staebell, trustee. In consideration of the forbearance of the Parker bank from exercising its legal right to then foreclose the second mortgages Fritz agreed to execute a deed conveying the real estate to the Parker bank, subject to mortgages and incumbrances, and to deliver the same in escrow subject to the conditions of that agreement, and Staebell, trustee, agreed to execute and deliver in escrow satisfactions of the third mortgages. The Parker bank agreed, providing Fritz paid the interest on the first mortgage and taxes on the land on or before March 1, 1929, to extend the time of payment of the second mortgage to March 1, 1930. If Fritz or Staebell failed to make the payments due to the Parker bank on its second mortgage by March 1, 1930, they agreed that the deed from Fritz to the Parker bank should become the property of the Parker bank and title to the premises should vest absolutely in the Parker bank on March 1, 1930, and that the satisfactions of the third mortgages placed by Staebell in escrow with the deed should also become the property of the Parker bank. Finally it was agreed that, if the bank should thus come into possession of the deed executed by Fritz and the satisfactions executed by Staebell, trustee, it should deliver to Fritz, as soon as its title to the premises was complete, the various notes held by it secured by its second mortgages together with the note for $581.15, being part of the indebtedness secured by the fourth mortgage. ·

The agreement was approved by the depositors' committee of the Parker bank; the beneficiaries for whom Staebell was trustee ratified the action of their trustee; and the superintendent of banks was authorized to compromise the Fritz indebtedness on that basis.

The deed and satisfactions of mortgage were placed with the escrow holder. On or before March, 1929, Fritz made the payments which entitled him to the benefits of the extension agreement for one year. He failed, however, to make the payments required to be made on or before March 1, 1930, so the escrow holder, on demand, delivered the warranty deed and satisfactions of the third mortgages to the examiner in charge of the Parker bank.

Shortly before January 30, 1930, however, Staebell, trustee, transferred to Joe H. Kirby, the promissory notes which were secured by the third mortgage. In January, 1930, Kirby sued Fritz on those notes. On February 26, 1930, default judgment thereon was rendered in favor of Kirby against Fritz and was duly docketed. The examiner in charge of the Parker bank had ready for delivery to Fritz the notes secured by the second mortgages and by the fourth mortgage as soon as the title permitted. The superintendent of banks, respondent herein, brought this suit to quiet title in the Parker bank against the Kirby judgment. The trial court found the Parker bank entitled to the possession of the land free of any lien or incumbrance and that the Kirby judgment against Fritz was no lien on the land.

Appellant claims, first, that the agreement of March 9, 1928, in so far as Staebell, as trustee, was concerned, related only to the third mortgages which he held, and by its express terms left the debt of the notes upon which said mortgages were bottomed still in existence against Fritz; second, that the deed from Fritz to the Parker bank, being deposited in escrow, was not effective until delivered to respondent under section 527, R. C. 1919; third, that, because appellant's judgment against Fritz was filed prior to the delivery of the deed to respondent, that judgment became a lien on the land; and, lastly, that the deed of Fritz to the Parker bank, delivered to the escrow holder on March 9, 1928, and by the escrow holder to the Parker bank after March 1, 1930, was in fact a mortgage which should be foreclosed with the attendant right of redemption in the judgment creditor.

Was the deed in question a mortgage? In American Nat. Bank v. Groft, 56 S.D. 460, 229 N.W. 376, 379, this court said: "One of the strongest proofs that a transaction of this character is intended by way of sale, rather than by way of mortgage, is that a pre-existing debt was regarded and treated by the parties as ex-

tinguished or discharged by the conveyance. 41 C. J. 287. Jones on Mortgages (8th Ed.) §§ 314, 316, 318."

Here the Parker bank already had mortgages, and the intention is plain that the deed was not to secure a debt for which it already had security, but was by way of sale and in extinguishment of the pre-existing debt.

Inasmuch as the deed was not a mortgage, the first three claims of appellant may, for the purpose of this opinion be conceded. Respondent, however, does not concede them, nor does this court decide them, for, even conceding them, appellant is not entitled to prevail.

In the standard form of satisfaction of mortgage, set out in section 1566, R. C. 1919, it is certified that the mortgage therein described "is, with the indebtedness thereby secured, fully paid, satisfied and discharged." But other forms are permitted. Section 1567, R. C. 1919. The record herein, not disclosing the language of the satisfaction of the third mortgages and no contention being made by respondent that the satisfaction of those mortgages, placed in escrow, recited a payment of the debt, it may be assumed, for the purpose of this decision, that Staebell would not have been estopped by the agreement of March 9, 1928, from taking judgment against Fritz on the debt secured by the third mortgage. But Kirby, defendant and appellant in the case at bar, the judgment creditor of Fritz, had been the attorney for Fritz in the negotiation resulting in the agreement of March 9, 1928, had personal knowledge of the agreement and of the execution and delivery of the deed and satisfactions of mortgage in escrow, and therefore had no different rights after the transfer of the Staebell notes than Staebell himself had before the transfer; that is, the lien of his judgment against Fritz was as much affected by the agreement of March 9, 1928, as a judgment by Staebell himself against Fritz would have been. While it was a lien on all the real estate then owned by Fritz (section 2569, R. C. 1919), it was only a lien upon his interest in that land, and was subject to all existing equities in favor of respondent. Fitzgerald v. Miller, 7 S. D. 61, 63 N. W. 221.

In the case last cited, this court quoted in support of the foregoing proposition from Moore v. Thomas, 137 Ind. 218, 36 N. E. 712. Moore v. Thomas followed the much more frequently cited

opinion of Hays v. Reger, 102 Ind. 524, 1 N. E. 386, 388, in which opinion of the Indiana court said: "The interest which the lien of a judgment affects is the actual interest which the debtor has in property, and a court of equity will always permit the real owner to show, there being no intervening fraud, that the apparent ownership of another is or was not real, and when the judgment debtor has no other interest except the naked legal title, the lien of a judgment does not attach. * * * A court of equity will confine the lien of a judgment to the actual interest of the judgment debtor in the property. Monticello, etc., Co. v. Loughry, 72 Ind. 562."

The Monticello, etc., Co. v. Loughry, supra, opinion has been frequently cited. One of the most recent citations is Iknoian v. Winter, 94 Cal. App. 223, 270 P. 999, in which the California court also cited in support of the principle that the lien of a judgment attaches only to the judgment debtor's interest in the real estate, Riverdale Min. Co. v. Wicks, 14 Cal. App. 526, 112 P. 896; National Bank of Pacific v. W. P. R. Co., 157 Cal. 573, 108 P. 676, 27 L. R. A. (N. S.) 987, 21 Ann. Cas. 1391; Freeman on Judgments (4th Ed.) § 357; Black on Judgments (2d Ed.) §§ 420, and 421. See, also, Dalrymple v. Security Imp Co., 11 N. D. 65, 88 N. W. 1033, citing Hays v. Reger, supra; Arntson v. First Nat. Bank, 39 N. D. 408, 167 N. W. 760, L. R. A. 1918F, 1042; and note, 47 Am. Dec. 319.

While not expressly negatived by the langauge of the agreement, it would be a narrow construction of that agreement and offensive to equity to hold that respondent must now foreclose its second mortgages and wait another year or two years for the fruits of possession, because three days before the expiration of a two years' extension granted in consideration of Staebell's agreement to satisfy the third mortgages Staebell or his assignee, with full knowledge of the facts, substitutes a judgment lien on the mortgage debt for the mortgage lien which he had agreed to satisfy and had satisfied. The judgment was, under Reid v. Gorman, 37 S. D. 314, 158 N. W. 780, a lien on the interest that Fritz then had in the land, but as to Kirby and as against the Parker bank, that interest was subject to every equity in the agreement of March 9, 1928. The equitable right of the Parker bank to a title such as contemplated by the agreement was not cut off by the attaching

636

of such a judgment lien. The Parker bank has bought the land and paid the price; it should have the title for which it bargained and paid. Black on Judgments (2d Ed.) § 438.

The judgment and order appealed from must be, and they are, affirmed.

CAMPBELL, P. J., and POLLEY, ROBERTS, and WARREN, JJ., concur.

RUDOLPH, J., disqualified and not sitting.