RAVNAAS, Respondent, v. ANDRICH, et al, Appellants.

(244 N. W. 361.)

(File No. 7448. Opinion filed October 4, 1932.)

*Harlan J. Bushfield,* of Miller, for Appellants.

*C. M. Carroll,* of Miller, for Respondent.

WARREN, J. Plaintiff was the record owner of certain real estate upon which the defendant, Walter Andrich, held two mortgages; one for $4,000, given September 28, 1926, and securing a promissory note due three years after date, and the other for $2,400, given February 16, 1927, securing a promissory note (upon which there was a credit of $2,000) due three years after date, both mortgages were filed with the register of deeds of Hand county, S. D. Thereafter, on or about the 1st day of January, 1931, the plaintiff being in default on both of these mortgages, the defendant Andrich commenced foreclosure proceedings thereon by publication, the notices commencing on January 8 and ending January 29, 1931. On January 27, 1931, at the Orient State Bank of Orient, S. D., the plaintiff and the defendant entered into an agreement in writing which in part states:

"Witnesseth, That the said Albert Ravnaas has executed a certain Quit Claim deed conveying to the said Walter Andrich, the real estate described as Lots 1, 2, 3 & 4, and the S. 1/2 of the N. 1/2 of Section 3—116—69, said deed to be held in escrow with the Orient State Bank, Orient, S. D.,

"In Consideration of the execution and delivery of the above described deed to the Orient State Bank, Orient, S. Dak., the said

Walter Andrich hereby agrees that he will immediately stop all foreclosure proceedings which have been instigated at his request, covering a certain mortgage owned by the said Walter Andrich, and secured by the land above described.

"The Orient State Bank, Orient, S. Dak., is hereby instructed to hold the above described in trust for the period of one year, and at the time of that time, if the entire debt owing the said Walter Andrich by the said Albert Ravnaas, which is secured by mortgage on the land above described is paid in full and if the said Albert Ravnaas shall exhibit to the said Orient State Bank a satisfactory release of mortgage, signed and duly executed by the said Walter Andrich, then the said Orient State Bank is hereby authorized by both parties to this agreement to deliver the above described deed to the said Albert Ravnaas.

"In the event that the entire debt owing the said Walter Andrich by the said Albert Ravnaas and secured by mortgage on above described land, is not paid in one year from this date, then the said Orient State Bank is hereby authorized by both parties to this agreement, to turn over to the said Walter Andrich, the deed above described, at which time the said Walter Andrich agrees to deliver to the Orient State Bank, note signed by the said Albert Ravnaas, which is secured by mortgage on the real estate above described."

The plaintiff duly executed and deposited the quitclaim deed, and the foreclosure proceedings by Andrich were stopped.

On November 16, 1931, the defendant Andrich sold his notes and mortgages to the defendant Conway Mercantile Company, and executed an assignment thereof.

On December 19, 1931, the plaintiff brought this action in which he asked that the Orient State Bank, as escrow agent, be restrained from delivering the deed to the defendant Andrich or to the Conway Mercantile Company, alleging "that the said Deed though absolute in form was intended by the plaintiff and said defendant to be only a mortgage and that they entered into an agreement that it was to be held as security for payment of said money," and asked the court to so declare. By their answers, the defendants denied the plaintiff's right to the possession of the deed and the property.

The action was tried before the circuit court without a jury. The court, after hearing the evidence and receiving the exhibits, made findings of fact in substance as set forth above. Among the findings and conclusions of law, the court found in favor of the plaintiff and against the defendants that the quit-claim deed executed by the plaintiff "was in effect a mortgage, and constituted additional security for the indebtedness then existing and owing by the plaintiff to the defendant Walter Andrich, and that said agreement, together with the said quit claim deed, did not constitute a conditional sale of the real estate from the plaintiff to the defendant Walter Andrich," and that the defendants have no right, title, or interest in the real estate except that they "may obtain possession of said real estate under and by virtue of said deed only by foreclosure proceedings as provided by law for foreclosure of mortgages." The circuit court thereupon entered its judgment in accordance with such findings and conclusions. From the judgment and order overruling their motion for a new trial, the defendants have appealed.

The first question presented by this appeal is whether or not the above set forth quit-claim deed was a deed or a mortgage. In that connection we note the previous holdings of this court. In Ruden v. Kirby, 59 S. D. 631, 241 N. W. 791, 792, upon a statement of facts much the same as those in the instant case wherein we stated that "in consideration of the forbearance of the Parker bank from exercising its legal right to then foreclose the second mortgages Fritz agreed to execute a deed conveying the real estate to the Parker bank, subject to mortgages and incumbrances, and to deliver the same in escrow subject to the conditions of that agreement." In deciding whether the deed in question was a deed or a mortgage, we said:

"Was the deed in question a mortgage? In American Nat. Bank v. Groft, 56 S. D. 460, 229 N. W. 376, 379, this court said: 'One of the strongest proofs that a transaction of this character is intended by way of sale, rather than by way of mortgage, is that a pre-existing debt was regarded and treated by the parties as extinguished or discharged by the conveyance. 41 C. J. 287. Jones on Mortgages (8th Ed.) §§ 314, 316, 318.'

"Here the Parker bank already had mortgages, and the intention is plain that the deed was not to secure a debt for which it

already had security, but was by way of sale and in extinguishment of the pre-existing debt."

The test as laid down by authorities in this class of cases is the intention of the parties. See American Nat. Bank v. Groft, supra, Ruden v. Kirby, supra; Westberg v. Wilson, 185 Minn. 307, 241 N. W. 315; and also the late Minnesota case of Investors' Syndicate v. Horrigan, 244 N. W. 65, and 41 C. J. 325, 331, 333. There is no clear testimony in the record as to the real intention of the parties that the deed should be given as additional security, and the court is compelled to infer an intention from an examination of the agreement and the deed itself and all the surrounding circumstances and facts of the case. We believe that it clearly appears from a study of all the evidence in this case that it was the intention of the parties to create a deed absolute in itself and not a mortgage. In consideration of the withdrawing or dropping of the foreclosure proceedings then pending, the plaintiff executed this deed. That it was the intention of the parties that the title to the real estate should become vested in the defendant Andrich at the end of the year if the mortgages were not paid and satisfied seems to be the equitable interpretation to be given to the transaction. The defendant Andrich already had the two mortgages on this real estate, and it is plain that the deed was not intended to be delivered to secure further a debt for which the defendant already had security covering only the same property described in the deed. The withdrawing and dropping of the foreclosure proceedings then pending was the consideration for the putting of the deed in escrow. It was the clear intent of the escrow agreement that, if the debt was not meantime paid, the delivery of the deed when the date fixed therefor arrived should be an absolute and unconditional delivery, and should then extinguish the debt. It would seem to be a too narrow construction to say that the defendants must now bring foreclosure proceedings on this deed as a mortgage and wait another year for the period of redemption to expire in order to acquire a clear title to the real estate. This was clearly not the intention of the parties.

The trial court erred in making and entering its conclusions of law that the deed was in fact a mortgage, and that the defendants had no right, title, or interest in the real estate except by

foreclosure proceedings as provided by law, and in entering judgment in favor of the plaintiff thereon. At the close of the testimony, defendants proposed findings and conclusions and a form of judgment. Such findings were not appreciably different from those ultimately made by the court. The judgment and order appealed from are reversed, and the cause remanded, with directions to enter conclusions and judgment on the present findings in harmony with the views herein expressed; that is, in the form asked by defendants at the close of the testimony. ·

CAMPBELL, P. J., and POLLEY, ROBERTS, and RUDOLPH, JJ., concur.