WALDNER, et al, Respondents, v. BLACHNIK, et al, Appellants.

(274 N. W. 837)

(File No. 7975. Opinion filed September 10, 1937)

F. M. *Scoblic*, of Tyndall, and *H. A. Doyle* and *Frank Biegelmeier*, both of Yankton, for Appellants.

*Wicks & Quinn*, of Scotland, for Respondent.

ROBERTS, J. The original survey of township 93, range 58, Bon Homme county, was made by the United States in 1861, and Bon Homme Island in the Missouri River was platted as a part of such township. The northwest portion of the island is designated as section 19. The purpose of this action is to quiet the title to certain lands described as lots 1, 2, 3, 4, and 5 and the south west quarter of the northeast quarter and the east half of the southeast quarter of said section and accretions thereto and to recover judgment for the alleged destruction of trees by the defendants upon the accreted land.

Section 18, township 93, range 58, is on the mainland directly north of section 19, and the north branch of the Missouri River flowed between these two sections when the survey was made. Section 18 is bounded on the west by section 13, township 93, range 59. The townsite of Bon Homme in the southeast corner of section 13 was platted in 1870. A strip of land approximately 200 feet in width between the southern tier of blocks in this townsite

and the meander line of the Missouri River was dedicated and conveyed to the public as a levee. In 1900 the defendant Frank Blachnik purchased from Bon Homme county blocks 1 to 5 in the southern tier of blocks. The western extremity of the island was washed away in 1881, and from that time the river by a gradual change of channel has moved to the southeast. The basis of the claim of the plaintiffs to the land in controversy rests upon an asserted right to accretions forming from a sand bar which appeared over the place where the western extremity of the island had been before it was washed away; that the encroachment of the river to the southeast eventually caused the accretions to the new island and to the mainland to meet.

The defendant Frank Blachnik contends that he is a riparian owner and is entitled to all accretions in front of his land and that he has been in open, continuous, hostile, and adverse possession of the land in controversy since 1904, and has paid taxes on such lands for more than ten years preceding the commencement of this action under claim and color of title. Plaintiff asserts that the conveyance from the county to Frank Blachnik did not vest title in him to the levee, and however narrow an intervening strip of land may be, the addition of land gradually and imperceptibly made by contiguous water cannot become an accretion to the tract to the rear. It is argued that the plat of the town of Bon Homme was made in conformity with the provisions of chapter 84, Laws Dak. 1862; that this statute vested legal title and not an easement only to streets and other grounds set apart for public purposes in the municipal corporation; and that when there is an abandonment of streets and other grounds set apart for public purposes under such statutory dedication the land composing them reverts to the dedicators, their heirs or assigns and not to the abutting property owners.

The testimony discloses that the western extremity of the island reappeared; that there has been accretion to this island entirely distinct from any accretion to the mainland; and that by a gradual change of the channel to the southeast the accretions to the island and to the mainland have met. In Allard v. Curran, 41 S. D. 73, 168 N. W. 761, this court held that where a tract of land that is riparian to a river is completely washed away and is restored when the river thereafter receded, the land belongs to the

original owner. We believe that such principal applies where an **island** is washed away in whole or in part and then reappears on the same bed. See, also, Erickson v. Horlyk, 48 S. D. 544, 205 N. W. 613; Mulry v. Norton, 100 N. Y. 424, 3 N. E. 581, 53 Am. Rep. 206; Randolph v. Hinck, 277 Ill. 11, 115 N. E. 182; Hughes **v.** Birney's Heirs, 107 La. 664, 32 So. 30. The state succeeds to the ownership of such islands only as are created outside the boundaries of property which has been the subject of private ownership. Section 500, Rev. Code 1919. The defendant Frank Blachnik makes no claim that the newly formed land extended entirely from the mainland, and we do not have presented by this record the right of a riparian owner of the mainland to claim accretions extending across the place where an island was washed away in whole or in part. The owner of an island is entitled to land added thereto by accretion; his rights are commensurate with those of other riparian owners. Maw v. Bruneau, 37 S. D. 75, 156 N. W. 792. The fact that accretions to the island and to the mainland eventually meet affords no reason for varying the ordinary rule that accretions belong to the land upon which their formation begins and from which it extends. The line of contact becomes the boundary line between the respective riparian owners.

■■ It is admitted that defendant Frank Blachnik is in possession of the levee and has been in continuous possession for more than thirty years. An accretion becomes a part of the land to which it is attached, and ordinarily follows whatever title covers the land from which it arises. Plaintiffs are asserting no title by possession to accretions extending from the levee or mainland. We believe that defendant's actual possession of the mainland, irrespective of his title, is a sufficient defense as against plaintiffs who establish no title to the accretions thereto in themselves. In an action to quiet title the plaintiff must succeed on the strength of his own title and not on the weakness of his adversary. Whether the title to the levee is still held in trust for the public or has reverted to the dedicator's successors in interest is immaterial to the present decision. Plaintiffs cannot take advantage of such paramount title or interest.

The evidence is sufficient to show that there was a restoration of land within the original boundary of the island and that there

were accretions thereto. It is not possible with any reasonable accuracy to ascertain the quantity of the accreted land or the boundary or line of contact between the accretions to the island or sand bar and the mainland.

We do not deem it necessary to discuss the sufficiency of the evidence to sustain the award of damages against defendant Arthur Blachnik in view of what we have said regarding the proof of title. Recovery for the alleged cutting and removal of trees is dependent upon title in the plaintiffs.

The judgment and order appealed from are reversed.

All the Judges concur, except POLLEY, J., absent and not sitting.